# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JULIA PREDMORE, )<br>)<br>Petitioner )<br>)<br>v. )<br>)<br>NICK'S CLUBS, INC., )<br>f/k/a ADVENTURE PLUS ENTERPRISES, INC., )<br>d/b/a PT'S MEN'S CLUB, and NICK MEHMETI, )<br>)<br>Respondents. )<br>) | C.A. No. 3:23-cv-0253 |

## PETITION TO CONFIRM ARBITRATION AWARD

Julia Predmore hereby petitions this Court, pursuant to 9 U.S.C. § 9 and § 207, for an order confirming a final arbitration award she obtained on January 9, 2023 in connection with an arbitration demand that she filed against Respondents Nick's Club, Inc. and Nick Mehmeti (together, "Respondents"). The award is attached here as Exhibit 1. Petitioner requests that, pursuant to 9 U.S.C. § 13, the Court enter a judgment in accordance with the confirmed award.

### I.     The Parties

1. Julia Predmore is a resident of Santa Barbara, California.

2. Respondent Nick's Clubs, Inc. is a Texas corporation with its principal place of business in Dallas, Texas.

3. Nick Mehmeti is a resident of Dallas, Texas and the owner of Nick's Clubs, Inc.

4. Respondents operate PT's Men's Club ("PT's), an adult entertainment establishment in Dallas, Texas.

## II. Jurisdiction and Venue

5. This Court has jurisdiction pursuant to 9 U.S.C. § 9 and § 204 because the arbitration award for which confirmation is sought was made pursuant to an arbitration agreement that provides that "ANY AWARD BY THE ARBITRATOR MAY BE ENTERED AS A JUDGMENT IN ANY COURT HAVING JURISDICTION." See Exhibit 2, at page 9 or 14.

6. Venue lies in this district under 28 U.S.C. § 1391 because PT's principal place of business is in Dallas, Texas.

## III. Basis of and Claim for Relief

7. Julia Predmore is a former employee of PT's Men's Club.

8. She worked as exotic dancer. She was not paid any wages from the club, and filed suit in federal district court under the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), seeking unpaid wages and various forms of relief. *See Predmore v. Nick's Management, Inc., et al.*, No. 3:20-cv-00513-X (N.D. Tex.).

9. Mehmeti and Nick's Clubs moved to compel arbitration of Predmore's claims pursuant to a mandatory arbitration agreement contained in her contract. The District Court ordered Ms. Predmore to bring her claims in arbitration and dismissed her Court Action. *See Predmore v. Nick's Management, Inc., et al.*, No. 3:20-cv-00513-X, Dkt. 38 (N.D. Tex.).

10. The Arbitration Agreement is attached hereto as Exhibit 2.

11. Predmore filed her Demand for Arbitration on March 17, 2021.

12. An Arbitrator was appointed, motion practice and discovery were conducted, and an evidentiary hearing was held on July 14 and July 15, 2022 in Richardson, Texas.

13. Following the Hearing, the Arbitrator issued an Interim Award in Predmore's favor on virtually all factual and legal issues.

14. Predmore's counsel then petitioned for a mandatory award of attorney's fees under the FLSA.

15. Prior to the Final Award being issued, Predmore's counsel also uncovered that PT's had fraudulently withheld evidence at the Hearing and that it possessed work records showing that Ms. Predmore worked hundreds of hours more than had previously been revealed. Briefing on that issue followed.

16. On January 9, 2023, the Arbitrator entered a Final Award addressing the withheld evidence, entering a final award of damages in favor of Ms. Predmore, and awarding Predmore reasonable attorney's fees as required by the FLSA.

17. Pursuant to 9 U.S.C. § 9, this Petition to confirm is timely and is brought within one year after the Final Award was issued.

18. Petitioner has not made a prior application to this Court, or any other court, for the relief requested in this Petition.

## COUNT I

### CONFIRMATION OF ARBITRATION AWARD UNDER THE FEDERAL ARBITRATION ACT, 9 U.S.C. § 1 *et seq.*

Petitioner has satisfied the requirements for confirmation and entry of judgment on a final award, pursuant to the Federal Arbitration Act, as well as pursuant to Respondents' arbitration agreement, which provides that "ANY AWARD BY THE ARBITRATOR MAY BE ENTERED AS A JUDGMENT IN ANY COURT HAVING JURISDICTION." See Exhibit 2, at page 9 or 14. By reason of the foregoing, this Court should issue an order confirming the arbitration award attached hereto as Exhibit 1 and direct that judgement be entered thereon.

**WHEREFORE,** Petitioner Julia Predmore requests that the Court enter the following relief:

a. An order, pursuant to 9 U.S.C. § 9 and § 207, confirming the arbitration award attached hereto as Exhibit 1;

b. An Order awarding Plaintiff reasonable attorney's fees under the FLSA for the time spent on this Petition; and

c. Enter judgment thereon pursuant to 9 U.S.C. § 13.

Dated:  February 4, 2023                    Respectfully submitted,

                                              JULIA PREDMORE,

                                              By her attorneys,

/s/ Drew Herrmann
Drew N. Herrmann
Texas Bar No. 24086523
drew@herrmannlaw.com
Pamela G. Herrmann
Texas Bar No. 24104030
pamela@herrmannlaw.com
Allison H. Peregory
Texas Bar No. 24121294
aperegory@herrmannlaw.com
HERRMANN LAW, PLLC
801 Cherry St., Suite 2365
Fort Worth, Texas 76102
(817) 479-9229

and

Matthew Thomson (*pro hac vice forthcoming*)
mthomson@llrlaw.com
Olena Savytska (*pro hac vice forthcoming*)
osavytska@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800

4