# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

|  |  |
|---|---|
| JULIA PREDMORE,  )<br>  )<br>Petitioner  )<br>  )<br>v.  )<br>  )<br>NICK'S CLUBS, INC.,  )<br>f/k/a ADVENTURE PLUS ENTERPRISES, INC.,  )<br>d/b/a PT'S MEN'S CLUB, and NICK MEHMETI,  )<br>  )<br>Respondents.  )<br>  ) | C.A. No. 3:23-cv-00253 |

## PETITIONER'S MOTION TO CONFIRM ARBITRATION AWARD

Petitioner Julia Predmore hereby moves to confirm the arbitration award she obtained in connection with her claims against Respondents Nick's Clubs, Inc. and Nick Mehmeti, finding that Respondents willfully violated the federal Fair Labor Standards Act and awarding her damages pursuant to the statute. The Final Award entered on her claim on January 9, 2023, is attached here as Exhibit 1. Petitioner moves to confirm her arbitration award pursuant to the parties' arbitration agreement, as well as the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*

Respondents' arbitration agreement provides that "ANY AWARD BY THE ARBITRATOR MAY BE ENTERED AS A JUDGMENT IN ANY COURT HAVING JURISDICTION." See Exhibit 2, at page 9 or 14. "Under the FAA, the court must confirm an award unless the award is vacated under Section 10 or modified or corrected under Section 11." Cooper v. WestEnd Cap. Mgmt., L.L.C., 832 F.3d 534, 544 (5th Cir. 2016) (internal quotation marks and citation omitted); see also Teamsters Local 177 v. United Parcel Service, 966 F.3d 245, 248 (3d. Cir. 2020) ("The FAA not only authorizes, but mandates, that district courts

confirm arbitration awards by converting them into enforceable judgments through a summary proceeding."). "[T]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984).

Here, there are no grounds for vacatur or modification. "Judicial review of arbitrators' decisions is … extraordinarily narrow and highly deferential." Sullivan v. Feldman, 2022 WL 17822451, at *9 (S.D. Tex. Dec. 20, 2022) (internal quotation marks omitted). An arbitrator's factual findings "are unreviewable" and "must be accepted as true." Id. at *11. An Arbitrator's legal error is not subject to review. See United Paperworkers Intern. Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 38 (1987) ("Courts ... do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts.").

In this case, the Arbitrator's Order was consistent with the terms of the Parties' agreement as well as the caselaw governing the FLSA. For example, Petitioner claimed that she was misclassified as an independent contractor when she worked as an exotic dancer for Respondents and that she was actually an employee for purposes of the FLSA. After a full evidentiary hearing, the Arbitrator held that Ms. Predmore was an employee, consistent with binding Fifth Circuit precedent. Reich v. Circle C. Invest., Inc., 998 F.2d 324 (5th Cir.1993) (affirming decision that dancer was employee of club under the FLSA). The Arbitrator awarded damages in the form of minimum wage, overtime, as well as unlawfully withheld tips (in the form of house fees and tip-outs), which is consistent with numerous federal court decisions. See, e.g., Johnson v. N. Texas Dancers, LLC, 2021 WL 2077649, at *6 (N.D. Tex. May 24, 2021) (concluding dancer was not paid any wages at all, and awarding minimum wage damages as well as "tip-out" or "house fees" that "altered the employer's minimum wage obligations"). The

Arbitrator held that Respondents would "take nothing" on their counterclaims against Ms. Predmore, consistent with the Fifth Circuit's holding in Martin v. PepsiAmericas, Inc., 628 F.3d 738 (5th Cir. 2010). And the Arbitrator entered an award of attorney's fees, as required by the FLSA, taking into consideration a number of factors, including that Respondents had obstructed the discovery process and withheld essential evidence of Ms. Predmore's damages at the hearing in violation of the Arbitrator's Discovery Orders.

Accordingly, this Court should confirm the attached arbitration award, pursuant to 9 U.S.C. § 9 and provide Petitioner with 21 days to file a petition for attorney's fees associated with obtaining judgment on the Award.[1] See generally Ashton v. PJ Louisiana, Inc., No. CV 19-901, 2020 WL 1068161, at *2 (W.D. La. Mar. 3, 2020) (awarding attorney's fees to prevailing plaintiff in FLSA action for time incurred confirming the award in court and noting that "[a]ttorney's fees incurred in confirming and defending arbitration in an FLSA suit have been awarded by other district courts.").

Dated:  February 6, 2023

Respectfully submitted,

Julia Predmore,

By her attorneys,

/s/ Drew Herrmann
Drew N. Herrmann
Texas Bar No. 24086523
drew@herrmannlaw.com
Pamela G. Herrmann
Texas Bar No. 24104030
pamela@herrmannlaw.com

---

[1] Given the summary nature of the confirmation process, Plaintiff may forego filing her fee petition in order to streamline this proceeding. However, because it is not clear whether Defendants intend to oppose the motion seeking confirmation of the Award, Plaintiff reserves all rights in regard to an award of reasonable attorney's fees.

3

Allison H. Peregory
Texas Bar No. 24121294
aperegory@herrmannlaw.com
HERRMANN LAW, PLLC
801 Cherry St., Suite 2365
Fort Worth, Texas 76102
(817) 479-9229

and

Matthew Thomson (*pro hac vice forthcoming*)
mthomson@llrlaw.com
Olena Savytska (*pro hac vice forthcoming*)
osavytska@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800