UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIE PREDMORE, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:23-CV-0253-X |
| NICK'S CLUBS, INC. f/k/a/ | § | |
| ADVENTURE PLUS ENTERPRISES, | § | |
| INC. d/b/a PT'S MEN'S CLUB, AND | § | |
| NICK MEHMETI, | § | |
| | § | |
| *Respondents.* | § | |

## MEMORANDUM OPINION AND ORDER

Nick's Clubs, Inc. f/k/a Adventure Plus Enterprises, Inc. d/b/a PT's Men's Club, and Nick Mehmeti (collectively "Respondents") filed a motion to dismiss Petitioner's, Julia Predmore, petition for confirmation of an arbitration award. [Doc. No. 10]. For the foregoing reasons, the Court **DENIES** the motion to dismiss.

The conflict between Respondents and Predmore arises out of the alleged misclassification of exotic dancers as independent contractors and is being resolved in a separate suit (hereinafter, the "First Case") in this Court.[1] In the First Case, the Court granted Respondents' motion to compel arbitration, and the parties underwent significant arbitration efforts. During that arbitration, Predmore was issued an award. Following this award, Predmore filed the case before the court today in an action separate from the First Case. She requests that the Court confirm her

---

[1] Civil Action No. 3:20-CV-0513-X.

awarded arbitration award.  Respondents now move to dismiss this case.

Under Federal Rule of Civil Procedure 7(b)(1) a motion to dismiss must state *with particularity* the grounds for seeking the order and the relief sought.[2] Respondents failed to meet this standard.  In their motion, Respondents fail to provide any specific rule on which the Court can base its judgment.  The Respondents *could* be moving for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(7) because they argue that Predmore "failed to join all necessary and indispensable parties."[3]  Or, Respondents *could* be moving for dismissal pursuant to Rule 12(b)(6) through its argument that "the Petition states a claim upon which relief cannot be granted."[4]  However, the Court will not make Respondents' argument for them when they have failed to state with particularity their grounds for dismissal.

Predmore, in an effort to issue a relevant response, assumed that the Respondents sought dismissal pursuant to Rule 12(b)(6), but she expressly noted that she was left to speculate regarding the legal basis for the motion.[5]  Respondents did not file a reply brief clarifying their motion, leaving both Predmore and the Court to speculate.

Due to Respondents failure to state with particularity the grounds for seeking the order, the Court **DENIES** Respondents motion to dismiss.

---

[2] Fed. R. Civ. P. 7(b)(1)(B)-(C) (emphasis added).

[3] Doc. No. 10 at 4.

[4] *Id.*

[5] Doc. No. 19 at 1.

**IT IS SO ORDERED** this 11th day of April, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE