2023 WL 4240151
United States District Court, N.D. Texas, Dallas Division.

Brooke LAYTON, et al., Plaintiffs,
v.
MAINSTAGE MANAGEMENT, INC., et al., Defendants.

Civil Action No. 3:21-CV-1636-N
|
Signed June 28, 2023

**Attorneys and Law Firms**

Jarrett L. Ellzey, Jr., Alexander Kykta, Leigh S. Montgomery, Ellzey & Associates PLLC, Houston, TX, Ghazzaleh Rezazadeh, McLaurin Law, PLLC, Houston, TX, Mark A. Alexander, Mark A. Alexander PC, for Plaintiffs.

Latrice Elder Andrews, Roger Earl Albright, T. Craig Sheils, Sheils Winnubst PC, Richardson, TX, for Defendants Mainstage Management Inc., Nick's Mainstage Inc., Nick Mehmeti.

Latrice Elder Andrews, T. Craig Sheils, Sheils Winnubst PC, Richardson, TX, for Defendant Dallas PTs.

## MEMORANDUM OPINION & ORDER

David C. Godbey, Chief United States District Judge

 *1  This Order addresses Defendants Mainstage Management, Inc., Nick's Mainstage, Inc. – Dallas PT's d/b/a PT Men's Club, and Nick Mehmeti's (collectively "Mainstage") motion for sanctions [52], Plaintiffs Brooke Layton and Ashlynn Shipley's motion for partial dismissal [54], Mainstage's motion for summary judgment [56], Mainstage's motion to compel [59], Plaintiffs' motion for summary judgment [82], and Mainstage's motion to dismiss for want of prosecution [103]. For the reasons set forth below, the Court grants in part and denies in part Mainstage's motion for sanctions, Mainstage's motion for summary judgment, and Plaintiffs' motion for summary judgment. Further, the Court denies Mainstage's motion to compel and motion to dismiss, and denies as moot Plaintiffs' motion for partial dismissal.

## I. THE FLSA DISPUTE

Plaintiffs Layton and Shipley, exotic dancers at a Dallas-area adult entertainment club, instituted this action under the Fair Labor Standards Act [1] ("FLSA"). Both Plaintiffs entered into License and Lease Agreements ("Licensing Agreement") with Mainstage's club. Defs.' App. Supp. Threshold Mot. Summ. J., Ex. A-1 Layton Licensing Agreement, Ex. A-2 Shipley Licensing Agreement [37]. Between them, Plaintiffs worked at the club from 2018 until 2020, during which time they allege Mainstage misclassified them as independent contractors and paid them below the federal minimum wage. Pls.' Am. Compl. ¶¶ 19, 21, 23, 27, 51–57 [21].

Plaintiffs initiated this case as a collective action purporting to represent a class of similarly situated Mainstage employees. *Id.* at ¶¶ 7, 75. In October 2022, the Court granted Mainstage's threshold motion for summary judgment regarding Plaintiffs' collective action claims but allowed Plaintiffs' individual claims to continue. Mem. Op. & Order 6 [72]. Now, the Court addresses the parties' various motions, including their cross-motions for summary judgment on the merits.

## II. THE COURT GRANTS IN PART MAINSTAGE'S MOTION FOR SANCTIONS

Mainstage seeks sanctions of dismissal, or, in the alternative, attorney's fees, because Shipley failed to appear at a noticed deposition. Defs.' Mot. Sanctions 2–3. "Dismissal with prejudice ... is an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980). Such dismissal is warranted only if "(1) there is a clear record of delay or contumacious conduct by the plaintiff and (2) lesser sanctions would not serve the best interests of justice." *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77 (5th Cir. 2011) (internal citations omitted). Dismissal is more appropriate if the fault lies with the client rather than the attorney. *Brinkmann v. Abner*, 813 F.2d 744, 749 (5th Cir. 1987). However, "if the other party's preparation for trial has not been substantially prejudiced, dismissal may well be inappropriate." *Id.* (internal citations omitted).

Here, the Court determines that lesser sanctions would better serve the interests of justice. Although fault lies with Shipley rather than Plaintiffs' counsel, the Court finds dismissal inappropriate because Mainstage has not been substantially

prejudiced. Following Shipley's failure to appear, the Court granted Plaintiffs' motion to extend the discovery deadline. Order 1 [78]. Both parties' subsequent failure to reschedule the deposition precludes a finding of substantial prejudice. The Court thus denies Mainstage's motion for sanctions of dismissal. However, the Court grants Mainstage's alternative request for reimbursement of attorney's fees and costs, and will award the amount at final judgment.

### III. THE COURT DENIES MAINSTAGE'S MOTION TO COMPEL

**\*2** Mainstage's motion to compel challenges Layton and Shipley's objections to its written discovery requests. However, the motion violates Federal Rule of Civil Procedure 37(a)'s requirement to meet and confer regarding the specific discovery dispute. *See Samsung Elecs. Am. Inc. v. Chung*, 2017 WL 896897, at \*13 (N.D. Tex. 2017); FED. R. CIV. P. 37(a)(1). Mainstage's certificate of conference makes no mention of conferring with counsel for Shipley. Defs.' Mot. Compel 6. Indeed, Shipley did not submit her discovery response until after the dates Mainstage claimed to have conferred with counsel for Layton. *Id.*; Defs.' App. Supp. Mot. Compel 135 [60]. Further, Mainstage's motion does not include any arguments or authority supporting its request for discovery. *See Carter v. H2R Rest. Holdings, LLC*, 2017 WL 3724122, at \*2 (N.D. Tex. 2017). ("The party seeking discovery ... may well need to make its own showing of many or all of the proportionality factors."). Accordingly, the Court denies the motion.

### IV. THE COURT GRANTS IN PART AND DENIES IN PART THE CROSS-MOTIONS FOR SUMMARY JUDGMENT

Mainstage seeks summary judgment on Plaintiffs' overtime claims, all claims against Mainstage Management, Inc., and Mainstage's counterclaims. Plaintiffs seek summary judgment on Mainstage's counterclaims and affirmative defenses. Further, both parties seek summary judgment on Plaintiffs' employee status under the FLSA.[2]

#### A. Summary Judgment Standard

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, he "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis omitted). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to judgment by either (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

Once the movant has made the required showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact such that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Factual controversies are resolved in favor of the nonmoving party " 'only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts.' " *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

#### B. Plaintiffs Conceded Their Overtime Claims

The FLSA provides that no employer "shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207 (a)(1). Here, Mainstage argues that Plaintiffs' overtime claims fail because they admitted to never working more than forty hours in a workweek. Defs.' Br. Supp. Mot. Summ J. 13 [57]; Defs.' Suppl. App. Supp. Threshold Mot. Summ. J., Ex. D, Pls.' First. Am. Disclosures

5–6 [50] (calculating 32-hour workweek for both Plaintiffs). Indeed, Plaintiffs sought dismissal of their overtime claims. Pls.' Mot. Partial Dismissal 1. Because there is no genuine dispute of material fact, the Court grants Mainstage's motion for summary judgment regarding Plaintiffs' overtime claims. The Court thus denies Plaintiffs' motion for partial dismissal as moot.

### C. Mainstage Management, Inc. Is Not an Employer Under The FLSA

**\*3** The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d). To determine whether an entity is an employer under the FLSA, the Fifth Circuit employs the "economic reality test." *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012). The test considers whether the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* at 355 (citing *Watson v. Graves*, 909 F.2d 1549, 1556 (5th Cir. 1990)).

Mainstage has shown that Mainstage Management, Inc. is not an employer under the FLSA. Mehmeti, the owner of Mainstage Management, testified that the company's only involvement with the club was bookkeeping and accounting. Defs.' App. Supp. Mot. Summ. J., Ex. F., Nick Mehmeti Dep. 30:11–31:23 [58]. He further testified that Mainstage Management did not supervise the employees, was not involved in hiring or firing employees, and did not maintain employment records. *Id.* Plaintiffs did not respond to this testimony nor raise any evidence showing that Mainstage Management is an employer. *See generally* Pls.' Resp. Br. Opp. Defs.' Mot. Summ. J. [93]. And the Court will not search the record for evidence that creates genuine issues as to a material fact. *See Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). Applying the economic realities test to Mehmeti's unrefuted testimony, the Court concludes that no reasonable jury could find Mainstage Management to be an employer under the FLSA. *See Gray*, 673 F.3d at 357 (holding that a defendant with no control over any aspect of the employment relationship was not an employer under the FLSA). Accordingly, the Court grants Mainstage's motion for summary judgment regarding claims against Mainstage Management.

### D. There Are Factual Issues Regarding Plaintiffs' Employee Status

Plaintiffs must establish that they were "employees" under the FLSA to succeed on their minimum wage claims. *See* 29 U.S.C. § 206(a). To determine whether an individual is an independent contractor or employee, courts in this circuit asses five "economic realities":

> (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship.

*Hobbs v. Petroplex Pipe & Constr., Inc.*, 946 F.3d 824, 829 (5th Cir. 2020). "No single factor is determinative." *Id.* Although the ultimate determination of employee status is a finding of law, the analysis is "very fact dependent." *Parrish v. Premier Directional Drilling, L.P.*, 917 F. 3d 369, 380 (5th Cir. 2019) (internal citation omitted). A court may award summary judgment on FLSA employee status only if "facts pointing in both directions ... do not generate a genuine dispute of material fact." *Id.* (internal citation omitted).

Here, there are numerous competing facts regarding Plaintiffs' status under the FLSA. On the one hand, Plaintiffs have presented evidence suggesting that they were employees. Mainstage exercised control by requiring dancers to work at least four shifts a week, wear costumes matching a monthly theme, and participate in the stage rotation. Defs.' App. Supp. Mot. Summ. J., Ex. H, Brooke Layton Dep. 33:6–17, 88:18–89:22. Further, dancers faced fines for missing stage appearances and not adhering to the schedule. Layton Dep. 30:1–10, 92:1–17. Plaintiffs' position as dancers also did not require special skills, *id.* at 45:3–6, and Plaintiffs' investment in performance attire was minimal compared to Mainstage's investment in the club. *Id.* at 46:6–47:2

**\*4** On the other hand, Mainstage has produced evidence indicating that Plaintiffs were independent contractors.

Plaintiffs set their own schedules, worked for other clubs, chose how much to charge for dances, and kept all the money they earned. Defs.' App. Supp. Opp. Pls.' Mot. Summ. J., Ex. 7, Julia Predmore Dep. 16:2–16, 25:10–21, 39:10–12, 47:23–48:1 [90-6]; Layton Dep. 39:18–25. Thus, Plaintiffs' opportunity for profit or loss depended in part on their schedule and customer interaction. Plaintiffs' roles were also transient in nature; Layton took breaks from the club for several months at a time. Layton Dep. 51:25–52:6.

Having considered the relevant factors, the Court concludes that there are genuine disputes of material fact regarding whether Plaintiffs were employees or independent contractors. A jury is best suited to make the relevant findings of fact, particularly when, as here, both parties rely entirely on witness testimony. *Lopez v. Reliable Clean-Up & Support Servs., LLC*, 2018 WL 3609271, at *11 (N.D. Tex. 2018) ("[T]he jury's weighing of the proof and assessment of the pertinent [FLSA] factors may hinge on an assessment of the credibility of the witnesses. This type of resolution is appropriate for a trier of fact, not for the court at the summary judgment stage."). Accordingly, the Court denies both parties' motions for summary judgment regarding Plaintiffs' FLSA employee status.

### E. Mainstage's Counterclaims Are Precluded by the FLSA

Next, both parties seek summary judgment on Mainstage's counterclaims for breach of contract, unjust enrichment, and attorney's fees. The Fifth Circuit has held that "set-offs and counterclaims are inappropriate in any case brought to enforce the FLSA's minimum wage and overtime provisions." *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 741 (5th Cir. 2010); *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974). However, there is a narrow exception to the *Heard* rule that allows set-offs for pre-payments of wages that do not cause the employee's award to drop below the statutory minimum wage. *Singer v. Waco*, 324 F.3d 813, 828 (5th Cir. 2003). Here, Mainstage contends that the entertainment fees Plaintiffs received from customers constitute prepaid wages. Defs.' Resp. Br. Opp. Pls.' Mot. Summ J. 29. The Court disagrees.

First, *Heard* applies even though Plaintiffs' employee status under the FLSA is unresolved. *See Naranjo v. Nick's Management, Inc.*, 2022 WL 3139755, at *6 n.6 (N.D. Tex. 2022). Second, numerous courts have rejected similar attempts to recharacterize entertainment fees as prepaid wages. *Id.* at *6 (dismissing counterclaims for entertainment fees as barred by *Heard*); *Jones v. JGC Dall. LLC*, 2012 WL 4119570, at *4 (N.D. Tex. 2012) ("[T]he dance fees sought as a set-off do not represent wages pre-paid to Plaintiffs or wage obligations already fulfilled."), *report & recommendation adopted by* 2012 WL 4169685 (N.D. Tex. 2012); *Rafeedie v. L.L.C., Inc.*, 2011 WL 13324296, at *2 (W.D. Tex. 2011). Accordingly, the Court holds that Mainstage's counterclaims are barred by *Heard*, and grants summary judgment to Plaintiffs.[3]

### F. Mainstage's Affirmative Defenses Fail

Plaintiffs seek summary judgment on several of Mainstage's affirmative defenses. The Court addresses each defense in turn.

***1. Waiver/Equitable Estoppel/Consent/Ratification (Third Affirmative Defense), Unclean Hands (Seventh Affirmative Defense), and Estoppel (Ninth Affirmative Defense).*** – "It is unclear whether the equitable defenses of waiver, estoppel, and unclean hands are available under the FLSA." *Tran v. Thai*, 2010 WL 5232944, at *7 (S.D. Tex. 2010). Indeed, many courts have held that such defenses are unavailable or limited. *See, e.g.*, *Mencia v. Allred*, 808 F.3d 463, 470 (10th Cir. 2015), *Perez-Nunez v. N. Broward Hosp. Dist.*, 2009 WL 723873, at *2 (S.D. Fla. 2009). The Fifth Circuit has once held, on narrow facts, that a plaintiff was estopped from recovery under the FLSA. *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972).

**\*5** Assuming that equitable defenses apply in this case, the Court concludes that Mainstage has not met its burden of showing genuine disputes of material fact. Plaintiffs properly identified that Mainstage lacks a factual or legal basis to recover on its equitable defenses. Pls.' Br. Supp. Mot. Summ. J. 10–13 [83]. In its response, Mainstage failed to provide any legal or factual support in favor of its affirmative defenses. *See* Defs.' Resp. Br. Opp. Pls.' Mot. Summ J. 38 (arguing only that the law being "unclear" precludes a summary judgment finding); *see also Soto v. William's Truck Service, Inc.*, 2013 WL 487070, at *3 (N.D. Tex. 2013) (granting summary judgment to plaintiff where defendant did not satisfy its burden to produce evidence supporting its affirmative defense). Accordingly, the Court grants Plaintiffs' motion for summary judgment on Mainstage's third, seventh, and ninth affirmative defenses.

*2. Condition Precedent (Fifth Affirmative Defense).* – Mainstage argues that Plaintiffs' claims fail because the Licensing Agreement required notice before asserting employee status. Defs.' Answer ¶ 142 [42]. The Court has already ruled that this provision is not a condition precedent and that Plaintiffs' claims were proper. Mem. Op. & Order 6 [72]. Thus, the Court grants summary judgment to Plaintiffs on Mainstage's fifth affirmative defense.

*3. Failure to Mitigate (Sixth Affirmative Defense).* – As a matter of law, FLSA plaintiffs have no duty to mitigate damages. Tran, 2010 WL 5232944, at *7. Accordingly, the Court grants summary judgment to Plaintiffs on Mainstage's sixth affirmative defense.

*4. Offset/Unjust Enrichment (Eighth Affirmative Defense).* – As discussed in Section IV.E, offsets are impermissible in FLSA actions. The Court thus grants Plaintiffs' motion for summary judgment on Mainstage's eighth affirmative defense.

*5. In Pari Delicto (Eleventh Affirmative Defense).* – The *in pari delicto* defense "derives from the Latin, in pari delicto potior est conditio defendentis: 'In case of equal or mutual fault ... the position of the [defending] party ... is the better one.' " Rogers v. McDorman, 521 F.3d 381, 385 (5th Cir. 2008) (alterations in original) (quoting Bateman Eichler, Hill Richards, Inc. v. Berner, 472 U.S. 299, 306 (1985)). The defense may bar recovery under a federal statute if (1) plaintiffs bear at least equal responsibility for the violation they seek to address and (2) preclusion of the suit would not interfere with the statute's policy goals. Berner, 472 U.S. at 310–11.

As discussed in Section IV.F. 1, it is unclear whether this equitable defense is available in FLSA actions. Regardless, however, Mainstage has not shown that Plaintiffs bear at least equal responsibility in the alleged FLSA violation. Mainstage argues that Plaintiffs failed to maintain records, did not properly file taxes, attempted to join a collective action, and refused to return entertainment fees. Defs.' Br. Opp. Pls.' Mot. Summ. J. 39. But none of these actions render Plaintiffs even partially responsible for Mainstage's alleged failure to pay a minimum wage. Accordingly, the Court grants Plaintiffs' motion for summary judgment regarding Mainstage's eleventh affirmative defense.

## II. THE COURT DENIES MAINSTAGE'S MOTION TO DISMISS

Mainstage seeks dismissal for want of prosecution because Plaintiffs failed to file pre-trial materials two weeks before trial. Defs.' Mot. Dismiss 1. But neither party filed materials by the Court's required 30 days before trial. *See* Scheduling Order 3 [14]. Further, the Court stayed the trial date pending resolution of the cross-motions for summary judgment. Order [104]. Accordingly, the Court denies Mainstage's motion to dismiss.

## CONCLUSION

For the reasons set forth above, the Court orders as follows:

- Mainstage's motion to dismiss is granted in part. Shipley's claims remain but the Court will award Mainstage attorney's fees and costs at final judgment.

**\*6** • Mainstage's motion to compel is denied.

- Plaintiffs' motion for partial dismissal is denied as moot.

- Mainstage's motion for summary judgment is granted as to Plaintiffs' overtime claims and claims against Mainstage Management, Inc. The motion is denied as to Plaintiffs' employee status and Mainstage's counterclaims.

- Plaintiffs motion for summary judgment is granted as to Mainstage's counterclaims and Mainstage's third, fifth, sixth, seventh, eighth, ninth, and eleventh affirmative defenses. The motion is denied as to Plaintiffs' employee status.

- Mainstage's motion to dismiss for want of prosecution is denied.

The Court will, by separate order, reset this case for trial.

**All Citations**

Slip Copy, 2023 WL 4240151, 2023 Wage & Hour Cas.2d (BNA) 220,695

## Footnotes

| | |
|---|---|
| 1 | Codified at 29 U.S.C. § 201, *et seq.* |
| 2 | Mainstage also raises several objections to Plaintiffs' summary judgment evidence. Defs.' Resp. Br. Opp. Pls.' Mot. Summ. J. 8–10. Because there are genuine disputes of material fact without such evidence, *see* Section IV. D, the Court declines to consider the objections. |
| 3 | Mainstage also argues that Plaintiffs waived any defense to the counterclaims because they did not file an answer. But Plaintiffs did file an answer. *See generally* Pls' Resp. Counterclaims [11]. |

**End of Document**                                              © 2023 Thomson Reuters. No claim to original U.S. Government Works.