2023 WL 3620755
Only the Westlaw citation is currently available.
United States Court of Appeals, Fifth Circuit.

AFFORDABLE CARE, L.L.C., Plaintiff—Appellant,
v.
Raeline K. MCINTYRE, DMD; Raeline K. McIntyre, DMD, P.C., Defendants—Appellees.

No. 22-60245
|
FILED May 24, 2023

Appeal from the United States District Court for the Southern District of Mississippi, USDC No. 1:21-CV-85

**Attorneys and Law Firms**

Nancy A. Cundiff, Lewis, Brisbois, Bisgaard & Smith, L.L.P., New Orleans, LA, David Arthur Campbell, III, Esq. (argued), Lewis Brisbois Bisgaard & Smith, L.L.P., Cleveland, OH, for Plaintiff—Appellant.

Paul K. Sun, Jr. (argued), Kelly Dagger, Ellis & Winters, L.L.P., Raleigh, NC, Karl Crawford Hightower, Esq., Katherine Hewes Hood, Esq., Balch & Bingham, L.L.P., Gulfport, MS, for Defendants—Appellees.

Before Elrod and Haynes, Circuit Judges.[†]

**Opinion**

Per Curiam:[*]

**\*1** Affordable Care lost at arbitration. It now seeks vacatur of the resulting arbitration award because the arbitrator and an attorney for the other side both have connections to Duke University School of Law.

The district court correctly determined that these connections do not create a conflict. We therefore AFFIRM the district court's denial of relief.

I

Charles Holton was assigned to arbitrate a contract dispute between Affordable Care L.L.C., which provides non-clinical business services to affiliated dentists, and Dr. Raeline McIntyre and her dental practice. After Holton completed the ordinary conflict disclosure form, Dr. McIntyre added Paul Sun to her legal team. Holton made the following supplemental disclosure the day after Sun entered his appearance:

> I would disclose that I know Mr. Sun and probably have had one or more cases with him or against him during my career, but nothing in the last 10 years. I do not believe that I have seen or communicated with him in over 10 years. His involvement would not affect my judgment in the case.[1]

The American Arbitration Association requested objections to the disclosure, but none were made. The arbitration process then proceeded to its conclusion with Holton ultimately rejecting each of Affordable's claims and awarding attorney fees to Dr. McIntyre.

Affordable subsequently moved to vacate the award in the United States District Court for the Southern District of Mississippi, citing the Federal Arbitration Act's four statutory grounds for relief. It also sought discovery related to Holton's alleged bias and partiality.

In support of its requests, Affordable submitted screenshots taken from the webpages of Duke's law school and Sun's firm, as well as a local news article. With this publicly available information, Affordable was able to ascertain that both Holton and Sun worked at Duke University School of Law: Holton as a full-time faculty member and Sun as a "2021 Wintersession" adjunct. Affordable also determined that Holton served as the director of Duke's Civil Justice Clinic, which partners with a local legal aid service that Sun's firm also partners with, and that Sun has provided legal representation to Duke University.[2]

The district court reviewed this evidence and concluded that Affordable failed to establish grounds for vacatur under the FAA and that discovery was not warranted. It therefore denied Affordable's motions and confirmed the award. Affordable now appeals.

**Affordable Care, L.L.C. v. McIntyre, Not Reported in Fed. Rptr. (2023)**

Case 3:23-cv-00253-X   Document 37-2   Filed 09/11/23   Page 2 of 4   PageID 664

II

Affordable maintains that Holton's arbitration award must be vacated under the FAA due to "evident partiality or corruption in the arbitrator[ ]." 9 U.S.C. § 10(a)(2). We disagree.

**\*2** The standard for establishing evident partiality is "stern." *OOGC America, L.L.C. v. Chesapeake Expl., L.L.C.*, 975 F.3d 449, 453 (5th Cir. 2020) (quoting *Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 476 F.3d 278, 281 (5th Cir. 2007) (*en banc*)). The challenger must show "a concrete, not speculative impression of bias" that "stem[s] from a significant," not trivial, "compromising connection." *Id.* (citation and quotation marks omitted). "[T]he party challenging the award 'must produce specific facts from which a reasonable person would *have* to conclude that the arbitrator was partial to' its opponent." *Id.* (quoting *Cooper v. WestEnd Cap. Mgmt., L.L.C.*, 832 F.3d 534, 545 (5th Cir. 2016)).

The connections derived from Affordable's internet research do not establish a conflict of the sort contemplated by the FAA. To the contrary, they are quintessential examples of the kind of "trivial past association" our precedents have deemed insufficient to warrant "the extreme remedy of vacatur." *Positive Software*, 476 F.3d at 279. Indeed, once separated from Affordable's inflammatory characterizations, the evidence in the record reflects the kind of professional intersections that one might expect to find between any two attorneys working in the same geographical location.

Affordable has shown that both Holton and Sun served on the faculty of Duke's law school—one as an adjunct for the winter term and one as a full-time faculty member—and that Holton and Sun were both part of organizations that served the same legal aid non-profit. This cannot, standing alone, cast Holton's impartiality into doubt. It does not follow that Sun and Holton had any kind of personal, professional, or financial relationship. We also agree with the district court that Affordable's bald assertion that Sun and Holton shared an attorney-client relationship through Holton's employment with Duke University is unsupported by the facts and the law.

This would be a different case if Affordable had offered evidence that Holton and Sun worked closely together. But we cannot, on this record, conclude that Holton and Sun were even aware of their shared Duke connection.

We have upheld arbitration awards in the face of much stronger indicia of a potential conflict. *See e.g., Positive Software*, 476 F.3d at 283–84 (declining to vacate award where prevailing party's attorney had previously litigated with the arbitrator); *Cooper*, 832 F.3d at 540 (declining to vacate award based on an undisclosed relationship between the opposing party and another arbitrator who worked for the same arbitral organization that the presiding arbitrator belonged to); *OOGC*, 975 F.3d at 451 (declining to vacate award despite allegations that the arbitrator had a financial incentive to rule a certain way).

In each of these cases, the unsuccessful party to an arbitration identified an unremarkable professional intersection between a party or attorney and an arbitrator, then used speculation and conjecture in an attempt to parlay that innocuous connection into a conflict of interest. Affordable's challenge is no different. Affordable has not offered specific, concrete facts that would cause a reasonable person to speculate—much less require a reasonable person to conclude—that Holton was biased. [3]

III

**\*3** In the event that we deem vacatur of the arbitration award unwarranted, as we now do, Affordable asks that it be permitted to conduct limited discovery to further probe the relationship between Holton and Sun.

We review a district court's order denying post-arbitration discovery for abuse of discretion. *Vantage Deepwater Co. v. Petrobras Am., Inc.*, 966 F.3d 361, 373 (5th Cir. 2020). "District courts occasionally allow discovery in vacatur and confirmation proceedings," and the Fifth Circuit has "endorsed a flexible inquiry for district courts to use." *Id.* at 372. Namely, "the court must weigh the asserted need for hitherto undisclosed information and assess the impact of granting such discovery on the arbitral process." *Id.* at 373 (citation omitted). In doing so, the district court "should focus on 'specific issues raised by the party challenging the award and the degree to which those issues implicated factual questions that cannot be reliably resolved without some further disclosure.'" *Id.* (citation omitted). "The party seeking discovery bears the burden of showing its necessity." *Id.* (citation omitted).

The district court's analysis is entirely consistent with this court's flexible standard. Affordable has not pointed to any

**Affordable Care, L.L.C. v. McIntyre, Not Reported in Fed. Rptr. (2023)**

Case 3:23-cv-00253-X   Document 37-2   Filed 09/11/23   Page 3 of 4   PageID 665

compelling evidence of impropriety that might demonstrate the need for further discovery. Permitting discovery in this situation would therefore needlessly undermine the efficacy of the arbitral process. *See id.* (observing that "the loser in arbitration cannot freeze the confirmation proceedings in their tracks and indefinitely postpone judgment by merely requesting discovery" (citation omitted)).

\* \* \*

Affordable has failed to satisfy the strict requirements for vacatur of an arbitration award set out by the FAA.[4] It has likewise failed to demonstrate that the district court abused its discretion in denying post-arbitration discovery. We therefore AFFIRM.

**All Citations**

Not Reported in Fed. Rptr., 2023 WL 3620755

## Footnotes

† Judge Willett was a member of the panel that heard oral argument. He has since recused and has not participated in this decision. This case is being decided by a quorum. 28 U.S.C. § 46(d).

\* This opinion is not designated for publication. See 5th Cir. R. 47.5.

1 Thus, this is not a case involving a complete lack of disclosure.

2 Affordable also asserted that "Holton represented Duke University in many lawsuits from 1983 through 2005" and that "Sun and [his firm] took over representation of Duke University following Holton's long representation." But, as the district court noted, Affordable has not produced any evidence of Holton's "long representation" of Duke. Nor did it provide any evidence to substantiate its assertion that Holton had handed litigation over to Sun or his firm.

3 Even combining the Duke connections with the perceived procedural and substantive advantages that Affordable believes Holton extended to Sun and his client, we cannot conclude that Affordable has established evident partiality.

4 Affordable's challenges based on sections 10(a)(1), 10(a)(3), and 10(a)(4) of the FAA also fail. Affordable cannot satisfy the due diligence prong of the section 10(a)(1) analysis because it was on notice of a possible connection between Holton and Sun as soon as Sun entered his appearance, yet it did not follow up on that information until it had already lost at arbitration. *See Morgan Keegan & Co., Inc. v. Garrett*, 495 F. App'x 443, 447 (5th Cir. 2017) (quoting *Barahona v. Dillard's, Inc.*, 376 F. App'x 395, 397 (5th Cir. 2010)). Affordable's argument under section 10(a)(3), that Holton engaged in misconduct by disregarding the ruling of a federal district court in concurrent federal litigation also involving Affordable and Dr. McIntyre, is contrary to the record. Holton heard evidence on this ruling, received the ruling into the record, and allowed oral argument on the issue after closing arguments had been completed. Nor does Affordable provide any argument to support its contention that Holton was bound by the ruling, which involved a different contract from the one at issue in the arbitration, different facts, and a different state's law. Affordable's argument under section 10(a)(4), that Holton exceeded his powers by granting unsolicited attorney fees to Dr. McIntyre, is also contrary to the record. The services contract between Affordable and Dr. McIntyre expressly incorporated American Arbitration Association rules, which permit an award of attorney fees "if all parties have requested such an award." American Arbitration Association, Commercial Arbitration Rules and Mediation Procedures R-47(d)ii (2013). Both Affordable and Dr. McIntyre requested an award of attorney fees in their arbitration pleadings and reiterated that request in their proposed findings and conclusions.

**Affordable Care, L.L.C. v. McIntyre, Not Reported in Fed. Rptr. (2023)**

Case 3:23-cv-00253-X   Document 37-2   Filed 09/11/23   Page 4 of 4   PageID 666

**End of Document**

© 2023 Thomson Reuters. No claim to original U.S. Government Works.