UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIA PREDMORE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-0253-X |
| | § | |
| NICK MEHMETI and NICK'S CLUBS INC., | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff Julia Predmore's motion to confirm arbitration award (Doc. 3), motion to reopen case (Doc. 38), and motion to conduct status conference (Doc. 39). Having carefully considered the underlying facts, the applicable caselaw, and the parties' arguments, the Court **GRANTS** Predmore's motion to confirm the arbitration award. (Doc. 3). Accordingly, the Court **FINDS AS MOOT** her motion to reopen the case (Doc. 38) and the motion to conduct a status conference (Doc. 39).

### I. Background

After Predmore sued Defendants Nick Mehmeti ("Mehmeti") and Nick's Clubs, Inc. f/k/a Adventure Plus Enterprises, Inc. d/b/a PT's Men's Club ("PT") under the Fair Labor Standards Act ("FLSA"),[1] this Court granted the defendants' motion to

---

[1] Doc. 17 at 5–10.

1

compel arbitration and sent the case to arbitration.[2] The arbitrator considered the parties' evidence and arguments and ultimately awarded Predmore a total of $228,629.53 in unpaid wages, fees, and costs under the FLSA.[3]

Predmore filed the instant motion to confirm the arbitration award,[4] and the defendants' objected and sought vacatur.[5] PT and Mehmeti contend that the Court should vacate the arbitrator's award because she failed to consider the parties' licensing agreement, and she was biased against them.[6] Predmore maintains that the arbitrator did not exceed her authority and that there is no evidence that she was biased against the defendants.[7] The motion to confirm the arbitration award is ripe for this Court's consideration.

## II. Legal Standard

Under the Federal Arbitration Act ("FAA"), to enforce an arbitration award, courts can issue a judicial decree confirming the award when the parties have agreed that a judgment of the court shall be entered upon the award.[8] In rare instances, courts can vacate or modify an arbitration award.[9] But "[j]udicial review of an

---

[2] *Id.* at 11–23.

[3] Doc. 3-1 at 24 (the award consists of $9,017.99 in unpaid wages, $9,017.99 in liquidated damages, 200,239.75 in attorney's fees, and 10,353.80 in costs).

[4] Doc. 3.

[5] Doc. 16.

[6] Doc. 34.

[7] Doc. 21.

[8] 9 U.S.C. § 9; *21st Fin. Services, L.L.C. v. Manchester Fin. Bank*, 747 F.3d 331, 335 (5th Cir. 2014).

[9] *21st Fin. Services, L.L.C.*, 747 F.3d at 335.

arbitration award is extraordinarily narrow."[10]  The FAA permits courts to vacate an arbitration award only where:

> (1) the award was procured by corruption, fraud, or undue means;
>
> (2) there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.[11]

"The party defending against enforcement of the arbitral award bears the burden of proof."[12]  It is not enough to show an arbitrator committed error or even serious error; rather, it is only when an arbitrator "dispenses his own brand of industrial justice that his decision may be unenforceable."[13]  Courts are to resolve any doubts in favor of the arbitrator.[14]

### III. Analysis

Predmore asks the Court to confirm the arbitrator's award, and the defendants ask the Court to vacate it.  The parties' arbitration agreement states that "any award by the arbitrator may be entered as a judgment in any court having jurisdiction."[15]

---

[10] *Antwine v. Prudential Bache Sec., Inc.*, 899 F.2d 410, 413 (5th Cir. 1990).

[11] 9 U.S.C. § 10.

[12] *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 288 (5th Cir. 2004).

[13] *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010).

[14] *Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 472 (5th Cir. 2012).

[15] Doc. 3-2 at 10.

This case involves a federal question, the acts giving rise to the underlying dispute occurred in Dallas, Texas, and the arbitration occurred in Dallas, Texas. Therefore, the Court has jurisdiction and proper venue under the FAA to confirm an award.[16]

In support of their argument for vacatur, PT and Mehmeti contend that Section 10(a)(2) and 10(a)(4) of the FAA are applicable here. Essentially, they urge the Court to vacate the arbitrator's award because she (1) was biased against them and (2) exceeded her powers by failing to consider the parties' underlying contract and deciding issues not properly before her.[17] The Court will consider each argument in turn.

Section 10(a)(2) of the FAA permits courts to vacate arbitration awards where the arbitrator displayed evident partiality to one party.[18] PT and Mehmeti bear the burden of proof because they seek to vacate the arbitration award.[19] This burden is onerous.[20] They must demonstrate actual bias at the arbitration proceeding by producing specific facts from which a reasonable person would have to conclude that the arbitrator was partial to one party.[21] "[C]ourts rarely find evident partiality without the arbitrator's having a business relationship or other interest relating to one of the parties."[22]

---

[16] 9 U.S.C. § 9.

[17] Doc. 16 at 22–27.

[18] 9 U.S.C. § 10(a)(2).

[19] *Mantle v. Upper Deck Co.*, 956 F. Supp. 719, 729 (N.D. Tex. 1997) (Fitzwater, J.).

[20] *Id.*

[21] *Fontaine v. Sport City Toyota*, No. 3:11-CV-2400-D, 2012 WL 6000629, at *2 (N.D. Tex. Dec. 3, 2012) (Fitzwater, J.).

[22] *Id.*

Here, PT and Mehmeti do not contend that there was any preexisting relationship between Predmore and the arbitrator. Instead, they argue that the following actions by the arbitrator are proof of bias: (1) her alleged unequal treatment of the parties in dealing with their failures to comply with discovery-related orders, and (2) her discussion of the parties' settlement negotiations in the arbitration award.[23]

The defendants claim that when they innocently erred in producing timesheets, in response to an order compelling production, the arbitrator included those sheets in evidence and increased the arbitration award, but when Predmore failed to comply with the same, the arbitrator disregarded her violation.[24] Moreover, in the arbitration award, in the context of determining Predmore's reasonable attorney's fees, the arbitrator briefly addressed PT and Mehmeti's contention that they may have made more of an effort to settle if Predmore had produced relevant information sooner so her attorney's fees should be reduced.[25] The arbitrator rejected this argument, and now, the defendants claim that her discussion of settlement efforts in the award was improper.[26]

None of these actions would lead a reasonable person to believe the arbitrator was partial to Predmore. The arbitrator's discussion of the parties' settlement efforts simply refuted an argument made by the defendants, and arbitrators, like judges,

---

[23] Doc. 16 at 22–27.

[24] *Id.*

[25] Doc. 3-1 at 17–18.

[26] *Id.*; Doc. 16 at 22–27.

routinely have to make judgment calls when deciding how to resolve various discovery-related issues. "Even repeated rulings against one party will not establish bias absent evidence of improper motivation."[27] And there is no evidence of an improper motivation underlying the arbitrator's decisions on how to handle the parties' respective failures to comply with discovery-related orders here. Thus, the Court finds no bias or evident partiality on behalf of the arbitrator.

Section 10(a)(4) of the FAA permits courts to vacate an arbitration award where the arbitrator exceeded her powers.[28] Importantly, courts do not have authority to conduct a review of an arbitrator's decision on the merits.[29] And courts must resolve any doubts in favor of upholding the award.[30] Here, PT and Mehmeti contend that the arbitrator exceeded her powers by failing to consider the parties' licensing agreement. But that argument is a nonstarter.

While it is true that arbitrators may exceed their powers by acting contrary to express contractual provisions,[31] that did not happen here. The arbitrator determined that the defendants owed Predmore for unpaid wages under the FLSA.[32] She then rejected some of the defendants' affirmative defenses and counterclaims that implicated the parties' licensing agreement.[33] She considered the licensing

---

[27] *Weber v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 455 F. Supp. 2d 545, 550 (N.D. Tex. 2006) (Fitzwater, J.) (cleaned up).

[28] 9 U.S.C. § 10(a)(4).

[29] *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001).

[30] *Rain CII Carbon, LLC*, 674 F.3d at 472.

[31] *Id.*

[32] Doc. 3-1 at 7–11.

[33] *Id.* at 11–14.

6

agreement and then determined that it did not supersede the FLSA.[34]  Now, the defendants argue that the arbitrator did not have the authority to issue an award that was contrary to the terms of the licensing agreement.[35]  That is squarely against the law.

As the Supreme Court has made clear, FLSA rights may not be contractually abridged or waived.[36]  The arbitrator found that the defendants owed Predmore for unpaid wages under the FLSA.[37]  The licensing agreement therefore cannot abridge her FLSA rights, so the defendants' argument to the contrary fails.  And the defendants' contention that the arbitrator should have considered the parties' licensing agreement to decide whether there was an employer-employee relationship for purposes of the FLSA also fails.[38]  First, it is clear from the award that the arbitrator did consider the licensing agreement.[39]  So the defendants effectively ask the Court to reconsider the arbitrator's factfinding and legal conclusions regarding the applicability of the FLSA here.  The Court is not permitted to do so.[40]

Furthermore, the defendants also contend that the arbitrator exceeded her

---

[34] *Id.* at 12.

[35] Doc. 34 at 5.

[36] *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981) ("[W]e have held that FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute.") (cleaned up).

[37] Doc. 3-1 at 7–11.

[38] Doc. 34 at 5.

[39] *See* Doc. 3-1 at 7–14.

[40] *Major League Baseball Players Ass'n*, 532 U.S. at 509 ("Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement.").

powers by improperly deciding contract issues and deciding issues that were not before her. But a review of these arguments shows that they are all merits-based objections to the arbitrator's award.[41] The Court does not have authority to review the arbitrator's decision on the merits, including both in her factfinding and application of law.[42] Therefore, PT and Mehmeti's claim that the arbitrator exceeded her powers is without merit.

Upon appropriate motion, the FAA directs courts to confirm arbitration awards unless the award is vacated or modified.[43] Here, PT and Mehmeti failed to carry their onerous burden of establishing that the arbitrator's award should be vacated or modified. Accordingly, the Court **GRANTS** Predmore's motion to confirm the arbitration award and confirms the award.

### IV. Conclusion

For the forgoing reasons, the Court **GRANTS** Predmore's motion to confirm the arbitration award. (Doc. 3). Accordingly, the Court **FINDS AS MOOT** her motion to reopen the case (Doc. 38) and the motion to conduct a status conference (Doc. 39).

**IT IS SO ORDERED** this 25th day of March, 2024.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[41] Doc. 16 at 10–22.

[42] *Major League Baseball Players Ass'n*, 532 U.S. at 509.

[43] 9 U.S.C. § 9.